UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
KIM WYLIE-BROWN,                    :     CASE NO. 1:17-CV-1924
                                    :
           Plaintiff,               :
                                    :
vs.                                 :     OPINION & ORDER
                                    :
MYRA EMBRY, *et al.*,               :
                                    :
                                    :
           Defendants.              :
                                    :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Kim Wylie-Brown has filed an *in forma pauperis* civil rights complaint in this action against Defendants Myra Embry, Adrienne Page, Michael McGuire, Michael Strange, and other unknown "Cleveland Metropolitan Housing Authority PD Officers" (Doc. No. 1). Liberally construed, her complaint alleges the Defendants have violated her federal constitutional rights in connection with an eviction proceeding pending against her in Cleveland Municipal Court. *See Cleveland Metropolitan Housing Authority v. Kim Wylie-Brown*, Case No. 17 CV 11790 (Cleveland Mun. Ct., filed August 21, 2017). Although her specific claims and allegations against each of the defendants are unclear and difficult to parse, she contends the eviction action was brought against her in retaliation for her filing meritorious complaints and grievances about the premises at issue and CMHA. She prays for declaratory, monetary, and injunctive relief. In addition, she has filed two motions for injunctive relief: a motion for an "Order for *Ex Parte* Injunctive Relief" (Doc. No. 3) and a "Motion/Petition for Preliminary

Injunction" (Doc. No. 6).

Under the doctrine announced in *Younger v. Harris*, 401 U.S. 37, 44-45 (1971), however, federal courts must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are involved. Thus, when a person is the target of an ongoing state action involving important state matters, she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

All of the factors supporting abstention are present here. The matters presented in the Plaintiff's complaint are the subject of an ongoing state eviction action, which implicates important state interests. *See Doscher v. Menifee Circuit Court*, No. 03-5229, 2003 WL 22220534, at *1 (6th Cir. Sept. 24, 2003). And there is no indication in the Plaintiff's pleadings that she could not assert the federal concerns and claims she raises in this case in the context of the state proceeding. Indeed, the docket in the state eviction case indicates the Plaintiff has been permitted to file a "Motion/Petition for Preliminary *Ex Parte* Injunction," indicating she will be afforded an opportunity to present her federal concerns and claims in the context of that case. Accordingly, under these circumstances, the Court finds it must abstain from exercising jurisdiction over the Plaintiff's claims under *Younger*.

Although the Sixth Circuit has indicated that claims for equitable relief may be dismissed for lack of jurisdiction under *Younger*, claims seeking monetary relief should be "stayed rather than dismissed unless they can be redressed in the state proceeding." *Watts*, 854 at 849. *See also James v. Hampton*, 513 Fed. Appx. 471, 477, 2013 WL 362767, at *5 (6th Cir. 2013) (district court can evaluate whether the plaintiff was permitted to raise her constitutional claims, and whether there are grounds for dismissal, "at the conclusion of the state proceedings, with the entirety of the state record in front of it").

## Conclusion

Accordingly, to the extent the Plaintiff seeks injunctive and declaratory relief in this case, her claims are dismissed pursuant to *Younger* and her motions seeking injunctive relief (Doc. Nos. 3 and 6) are denied. To the extent the Plaintiff is seeking damages, her claims are stayed pending the conclusion of the state-court proceeding. The Clerk of Court is instructed to close this case for administrative purposes. Once the state action is concluded, any party may move to re-open the case by filing a Notice with this Court indicating that the state action has run its course and all appeals concluded.

IT IS SO ORDERED.

Dated: January 18, 2018      *s/ James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE